## Case No. 9,623.

### In re MILWAIN.

[12 N. B. R. 358; 1 N. Y. Wkly. Dig. 76.] [1]

District Court, D. Oregon. 1875.

BANKRUPTCY — CREDITORS NOT ON SCHEDULE — ELECTION OF ASSIGNEE—POSTPONEMENT.

At the first meeting of creditors in the case of voluntary bankrupt, proofs of certain claims against the estate were presented, but the names of the alleged creditors did not appear on the bankrupt's schedule. Held, that the circumstance was sufficient to raise a doubt as to the validity of such claims within the meaning of section 5083 of the Revised Statutes, and ordered that the proofs be postponed until after the election of an assignee.

In bankruptcy.

M. W. Fecheimer, for the motion.
Joseph Simon, contra.

DEADY, District Judge. On June 19, 1875, Elijah Milwain was adjudged a bankrupt in this court, upon his own petition. At the first meeting of creditors, on July 6, the creditors Hotaling & Co., and Goldsmith and Loewenberg, moved to postpone the proofs of the claims of Greene, Carleton and Keith, whereupon the question. "Shall this motion be allowed?" was certified by the register to the judge for decision. As appears from the statement of the register, the grounds of the

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

[1] [Reprinted from 12 N. B. R. 358, by permission. 1 N. Y. Wkly. Dig. 76, contains only a partial report.]

motion are that the names of these alleged creditors do not appear on the bankrupt's schedule, and their alleged claims appear to be based upon running accounts, the items of which are not stated. Section 5085 of the Revised Statutes provides: that "when a claim is presented for proof before the election of the assignee, and the judge or register entertains doubts of its validity or of the right of the creditor to prove it, and is of opinion that such validity or right ought to be investigated by the assignee, he may postpone the proof of the claim until the assignee is chosen."

The claim of Keith is for merchandise sold and delivered at different times specified, between May 6, 1871, and June 15, 1875, amounting to nine hundred and ninety-seven dollars and twenty-four cents, upon which the credits amount to nine hundred and twenty-eight dollars and fifty-two cents, leaving a balance in favor of Keith of sixty-eight dollars and seventy-two cents. Carleton's claim is for merchandise sold and delivered between April 27 and September 20, 1874, amounting to two hundred and twenty-eight dollars, with a credit of one hundred and sixty-four dollars and fifty-six cents, leaving a balance of sixty-three dollars and forty-two cents. Greene's claim is stated to be for merchandise and money loaned between November 1, 1872, and June 15, 1875, amounting to one thousand one hundred and ninety-eight dollars and fifty-eight cents, with a credit of two hundred and fifty-three dollars and seven cents, leaving a balance of nine hundred and forty-five dollars and fifty-one cents.

Under these circumstances I think there is good reason to doubt the validity of these claims. Section 5015 of the Revised Statutes requires the bankrupt to annex to his petition a schedule of his debts, containing the names of all his creditors and the nature of their demands, which schedule must be verified by his oath. The schedule in this case is silent as to these alleged creditors or their claims. In effect the bankrupt has thereby declared that he owes them nothing. It was his interest to speak the truth in the premises, for otherwise he might be denied his discharge, besides being liable criminally. True, he may have omitted these names from the schedule by mistake, and that may hereafter be shown. But there is no presumption that the schedule is incorrect in this particular, but the contrary.

In opposition to the oath of the bankrupt is the oath of each of these alleged creditors to their claims. They swear that their debts are valid and subsisting demands against the estate of the bankrupt. So far it is oath against oath, and that itself is sufficient to raise the doubt contemplated by the statute. But these creditors are interested witnesses. Their interest is to establish their claims. But the interest of the bankrupt in the matter, so far as he has any, is on the side of the truth. The affidavit of the bankrupt, and any one of these creditors, is of equal weight as evidence, except so far as the circumstances under which they testify tend to affect their credibility. As has been said, the affidavit of Milwain is that of a disinterested party, at least, while those in support of these claims are made by interested parties.

Again, it is a material circumstance to be considered in this connection, that these claims are based upon open accounts, running through some years, which are not stated in items. Keith's claim, it is true, is stated in particulars, so far as the date of each article is concerned, but the nature of the article itself is not mentioned or specified otherwise than as "merchandise." But that is no specification of the article sold. For all the information conveyed by that word, the article might as well have been styled "sundries." But in the other two claims, there is neither a specification of the nature of the articles sold nor the dates of their delivery.

Notwithstanding these objections, these claims may be valid and entitled to be proved. But the circumstances being sufficient to raise a reasonable doubt as to their validity, the proofs may be postponed until an assignee has had an opportunity to examine them.